## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RAY HARRIS, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 16−cv–01133−MJR** |
| | ) | |
| SUZANN BAILEY, | ) | |
| JOHN BALDWIN, | ) | |
| TY BATES, | ) | |
| JACQUELINE LASHBROOK, | ) | |
| MIKE FISHER, | ) | |
| VIPEN SHAH, and | ) | |
| LARUE LOVE, | ) | |
| | | |
| **Defendants.** | | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Ray Harris, an inmate in Pinckneyville Correctional Center ("Pinckneyville"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff claims Defendants conspired to serve a soy-based diet at Pinckneyville and make money from increased commissary sales. Plaintiff contends his consumption of soy has caused him to suffer medical problems and Defendants have been deliberately indifferent to the same. Plaintiff sues Suzann Bailey (food service administrator), John Baldwin (director), Ty Bates (deputy director), Jacqueline Lashbrook (prison warden), Mike Fisher (food service manager), Vipen Shah (prison doctor), and Larue Love (assistant warden) for monetary damages.[1] This case is

---

[1] Plaintiff's Complaint also sought a Temporary Restraining Order ("TRO) or Preliminary Injunction. (Doc. 1, p. 9). On October 19, 2016, the Court denied this request, concluding Plaintiff failed to provide a sufficient basis for

1

now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

---

issuance of a TRO or preliminary injunction pursuant to the requirements of Federal Rule of Civil Procedure 65. (Doc. 6).

**The Complaint**

Plaintiff alleges Defendants violated his constitutional rights by establishing a cost-saving policy of serving inmates a soy-based diet despite known negative health risks. (Doc. 1, pp. 6-8). Plaintiff further asserts Defendants acted in conspiracy to maintain a policy of serving a soy diet with the end goal of pocketing large profits. (Doc. 1, pp. 6-8). Plaintiff contends that since beginning the soy-based diet he has experienced a number of health issues. (Doc. 1, p. 6). Plaintiff's health issues include severe constipation, extreme gas, severe stomach pains, fatigue, loss of circulation in his hands, and "other mental injuries." (Doc. 1, p. 7).

In "mid 2015," Plaintiff met with Doctor Shah and reported the following medical issues: (1) extreme gas; (2) bouts of constipation lasting 4 to 8 days; (3) ripped/torn anus; and (4) severe stomach pains. (Doc. 1, p. 6). Plaintiff further reported he did not have these issues prior beginning the soy-based diet. *Id.* Doctor Shah directed Plaintiff to "stop crying like a baby and drink more water." *Id.* Plaintiff then requested a thyroid hormone level check. Shah refused to perform the test, stating "Wexford don't allow that test. It's too expensive." *Id.*

Other IDOC officials ignored Plaintiff's complaints on the subject. Plaintiff spoke directly with Warden Lashbrook and Assistant Warden Love. (Doc. 1, p. 7). He was instructed, by either Lashbrook or Love, to stop eating the soy and/or buy more food from the commissary. (Doc. 1, p. 8). In September 2016,[2] Plaintiff filed a grievance. (Doc. 1, p. 8). Plaintiff does not specify what, if any, response he received in relation to the September 2016 grievance. Further, Plaintiff provides no detail regarding the substance of the September 2016 grievance.

---

[2]   At one point Plaintiff states that the grievance was filed on September 7, 2016. (Doc. 1, p. 8). At another point, Plaintiff states the grievance was filed on September 8, 2016. (Doc. 1, p. 5). Plaintiff indicates that he filed (or at least intended to file) an earlier grievance. (Doc. 1, p. 7). However, it appears Plaintiff made a mistake with regard to making copies of the earlier grievance and, as a result, it was never answered. *Id.* Plaintiff also indicates that he filed two grievances while incarcerated at another institution in 2015. (Doc. 1, p. 5). He states that he does not recall what happened in relation to the 2015 grievances.

Additionally, Plaintiff alleges Bailey, Baldwin, Lashbrook, Fisher, Love, and Bates implemented a policy whereby inmates at Pinckneyville are served an inadequate breakfast and rarely receive fresh fruit. (Doc. 1, p. 8). As a result, Plaintiff is fed less than 1800 calories a day and is suffering from "severe hunger pains" and other problems. *Id.* Plaintiff's requests for a higher calorie diet have generally been ignored. *Id.* On one occasion, in response to Plaintiff's complaints about the diet, Fisher told Plaintiff to eat everything on his plate so he wouldn't be so hungry. *Id.*

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into 4 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

> **Count 1-** Defendants have been deliberately indifferent to Plaintiff's medical needs by failing to treat the symptoms he attributes to his ongoing consumption of soy products, in violation of the Eighth Amendment.
>
> **Count 2-** Defendants violated Plaintiff's Eighth Amendment rights by serving a nutritionally deficient diet consisting of only 1800 calories per day, very little fruit and an inadequate breakfast.
>
> **Count 3-** Defendants subjected Plaintiff to unconstitutional conditions of confinement by implementing a soy-based diet policy, in violation of the Eighth Amendment.
>
> **Count 4-** Defendants conspired together to violate Plaintiff's rights by implementing a soy-based diet policy.

**Count 1** shall proceed against a single Defendant (Shah). **Count 2** shall proceed against six Defendants (Bailey, Baldwin, Lashbrook, Fisher, Love, and Bates). **Count 3** shall be dismissed pursuant to § 1915A for failure to state a claim upon which relief may be granted, and

4

on qualified immunity grounds.  **Count 4** shall be dismissed pursuant to § 1915A for failure to state a claim upon which relief may be granted.

As to Plaintiff's **Count 1,** in order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he (1) suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition.  "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk.  Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain."  *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted).  *See also Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Perez v. Fenoglio*, 792 F.3d 768, 777-78 (7th Cir. 2015).  However, the Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).  Further, a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation.  *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

Here, Plaintiff describes several ongoing symptoms that indicate a need for medical attention and possible treatment, including extreme gas, bouts of constipation, a ripped/torn anus, and severe stomach pains.  The complaint thus arguably satisfies the objective component of an Eighth Amendment claim, whether or not these problems were in fact caused by the soy diet.  The remaining question is whether any of the Defendants acted or failed to act with deliberate indifference to a known risk of serious harm to Plaintiff from these symptoms.

Shah is the only medical provider mentioned in the complaint.  He saw Plaintiff on at least one occasion for the symptoms Plaintiff describes, but according to Plaintiff, Shah gave him no meaningful treatment.  Instead, Shah belittled Plaintiff and directed him to drink more water.  Additionally, Shah informed Plaintiff he would not perform a thyroid check. At this early stage of the litigation, and taking Plaintiff's factual allegations as true, Shah's comments and actions indicate possible deliberate indifference to Plaintiff's medical symptoms.

For this reason, the claim in **Count 1** against **Shah** shall receive further review.

However, **Bailey, Baldwin, Lashbrook, Fisher, Love,** and **Bates** shall be dismissed from **Count 1**.  Nothing in the complaint indicates these Defendants had any involvement in Plaintiff's medical care (or lack thereof).  Plaintiff does not claim to have contacted any of these individuals to notify them that he was not being treated for his gastrointestinal symptoms.[3]  If a prisoner is under the care of prison medical professionals, a non-medical prison official "will generally be justified in believing that the prisoner is in capable hands." *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011) (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)).  "A layperson's failure to tell the medical staff how to do its job cannot be called deliberate indifference; it is just a form of failing to provide a gratuitous rescue service." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009).  Because Plaintiff does not describe how these Defendants would have had any knowledge of his serious medical complaints, he fails to state a claim against them for deliberate indifference to his health conditions.  The claims in **Count 1** shall thus be dismissed without prejudice against Bailey, Baldwin, Lashbrook, Fisher, Love, and Bates.

---

[3]  Plaintiff states generically that he filed a grievance in September 2016.  (Doc. 1, p. 7).  However, the grievance has not been filed with the Court and Plaintiff does not indicate the substance of the grievance.

As to Plaintiff's **Count 2,** under the Eighth Amendment, prison officials "must take reasonable measures to guarantee the safety of the inmates and ensure that they receive adequate food." *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009).  While a prisoner is not entitled to the food of his choice, he might state a claim if he alleges facts tending to show that officials provided food that is "nutritionally deficient" or "well below nutritional value," depending on the circumstances. *Smith v. Dart* 803 F.3d 304, 312 (7th Cir. 2015).  Plaintiff alleges inmates at Pinckneyville receive a nutritionally inadequate diet.  (Doc. 1, p. 8).  Specifically, Plaintiff asserts Defendants implemented a policy whereby inmates are served an inadequate breakfast and receive very little fresh fruit.  *Id.*  As a result, Plaintiff's diet includes less than 1800 calories a day and Plaintiff suffers from severe hunger pains.  *Id.*  These allegations are sufficient to survive the preliminary screening stage.  *See Smith,* 803 F.3d at 312 (inmates allegation that food was "well below nutritional value" sufficient to survive motion to dismiss stage); *Antonelli v. Sheahan,* 81 F.3d 1422, 1432 (7th Cir.1996) (inmate's allegation of a "nutritionally deficient diet" sufficient to "state[] a claim for a violation of the Due Process Clause of the Eighth Amendment").

Therefore, **Count 2** may proceed as to **Bailey, Baldwin, Lashbrook, Fisher, Love,** and **Bates**.  These defendants are senior level staff, who may have had decision-making authority regarding the prison diet. **Count 2** shall be dismissed, however, against **Shah**.  Plaintiff has not alleged that Shah had any involvement in general food services at Pinckneyville, and he is not the type of prison official where his involvement in food service can be presumed at the outset of a suit.

As to Plaintiff's **Count 3,** Plaintiff appears to claim Defendants' decision to serve him a soy-based diet, in and of itself, violated the Eighth Amendment.  This claim has no traction.  A

number of courts have rejected inmates' claims that this type of diet put them at a serious risk of harm. In *Harris v. Brown*, the court appointed both attorneys and experts for the plaintiffs, but ultimately concluded after reviewing the expert reports and noting the ubiquity of soy in the American diet that "society today simply does not see soy protein as a risk to the general population, much less a serious risk." No. 07-CV-3225, 2014 WL 4948229 at *4 (C.D. Ill. Sept. 30, 2014). The court granted summary judgment to the defendants, noting that even if it accepted the plaintiffs' expert opinions, they did not conclusively establish that soy protein created a risk, only that "the safety of soy is a topic of current debate and study." *Id.*

Other courts have come to the same conclusion, albeit on a less developed record. *See Riley-El v. Godinez*, No. 13-C-8656, 2015 WL 4572322 at *4 (N.D. Ill. July 27, 2015) ("[T]he alleged risks posed by consuming a soy-rich diet do not rise to the level of an Eighth Amendment violation."); *Munson v. Gaetz*, 957 F. Supp. 2d 951, 954 (S.D. Ill. 2013) (finding that defendants were entitled to qualified immunity because no court has found soy to be harmful); *Smith v. Rector*, No. 13-cv-837, 2013 WL 5436371 (S.D. Ill. Sept. 30, 2013) (dismissing claim on vague allegations that prison meals contained too much soy); *Adams v. Talbor*, No. 12-2221, 2013 WL 5940630 (C.D. Ill. Nov. 6, 2013) (dismissing prisoner's claim that a soy-based diet caused him to experience stomach problems).

The court in *Riley-El v. Godinez* took a particularly nuanced approach: they permitted plaintiff to proceed with his claim that he had a serious medical condition for which soy was contraindicated, but dismissed the claim regarding a soy diet as a condition of confinement. 2015 WL 4572322 at *4-5.

Considering this litigation, the facts alleged in Plaintiff's Complaint do not amount to a deprivation that is sufficiently serious so as to state an Eighth Amendment violation. To succeed

in his claim, Plaintiff must demonstrate that he is "incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).  In the conditions-of-confinement context, an inmate must satisfy both the objective and subjective components applicable to all Eighth Amendment claims. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir.1994); s*ee also Wilson v. Seiter*, 501 U.S. 294, 302, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991).  For the objective element, the condition must result in unquestioned and serious deprivations of basic human needs (such as food, medical care, sanitation, or physical safety) or deprive inmates of the minimal civilized measure of life's necessities. *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981); *accord Jamison–Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir.1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir.1987).  The subjective component of a deliberate indifference claim is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm.  *Farmer v. Brennan*, 511 U.S. 825, 842, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

In the instant case, considering the relevant case law involving soy-based diets, Plaintiff's complaint is devoid of allegations that would satisfy either element of an Eighth Amendment claim based on the soy content in the prison food.

Alternatively, the Court finds Defendants are entitled to qualified immunity on the alleged general health risks of consuming soy.[4]  The Seventh Circuit has explained as follows with regard to the doctrine of qualified immunity:

---

[4] Although qualified immunity is an affirmative defense, the burden of meeting the two part test rests on the plaintiff.  *Eversole v. Steele*, 59 F.3d 710, 717 (7th Cir. 1995).  The Supreme Court has emphasized the importance of resolving qualified immunity questions at the earliest stage possible of litigation. *Saucier v. Katz*, 533 U.S. 194, 202 (2001). The Seventh Circuit has also upheld dismissals on qualified immunity grounds in soy diet cases on a 12(b)(6) motion, which shares its standard with § 1915A.  *See Doe v. Village of Arlington Heights*, 782 F.3d 911,

> Generally, qualified immunity protects government agents from liability when their actions do not violate clearly established statutory or constitutional rights of which a reasonable person would have known. This involves two questions: (1) whether the facts, taken in the light most favorable to the plaintiff, show that the defendant violated a constitutional right; and (2) whether that constitutional right was clearly established at the time of the alleged violation. Whether the defendants are entitled to qualified immunity will depend on what constitutional affronts the plaintiffs argue.

*Hernandez v. Cook County Sheriff's Office*, 634 F.3d 906, 914 (7th Cir. 2011) (internal quotations and citations omitted). The Court is not aware of any case law finding that soy-based diets pose a serious risk to prisoners' health generally. Nor is the Court aware of case law holding that soy is nutritionally inadequate or that its inclusion in the prison diet violates the Constitution. In fact, the Seventh Circuit specifically declined to hold that a soy-based diet violates the Constitution in at least one case. *Johnson v. Randle*, 619 Fed.App'x. 552, 554 (7th Cir. 2015). The Court therefore finds that because no court has found a soy-based diet unconstitutional, the right is not clearly established and Defendants in this case are entitled to qualified immunity with respect to the claim that the inclusion of soy in the Pinckneyville diet subjected Plaintiff to unconstitutional conditions of confinement.

For these reasons, **Count 3** shall be dismissed without prejudice for failure to state a claim, and on qualified immunity grounds.

As to Plaintiff's **Count 4,** Plaintiff asserts Defendants conspired to violate his civil rights by adopting a policy to feed all inmates a soy-based diet, in order to prompt them to spend more money at the prison commissary. (Doc. 1, pp. 6-7). He also states that Defendants "knew or should have known" that their actions would cause injury to him. (Doc. 1, p. 7). However, his

---

916 (7th Cir. 2015). The Court will dismiss on qualified immunity grounds where the facts of the complaint, taken as true, fail to allege the violation of a clearly established right.

conclusion that the soy diet policy amounted to an unlawful conspiracy is not supported by factual allegations.

Claims of conspiracy necessarily require a certain amount of factual underpinning to survive preliminary review.  *See Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008) (quoting *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006)).  "To establish the existence of a conspiracy, a plaintiff must demonstrate that the conspirators have an agreement to inflict injury or harm upon him."  *Sow v. Fortville Police Dept.*, 636 F.3d 293, 304-05 (7th Cir. 2011).  "The agreement may be inferred from circumstantial evidence, but only if there is sufficient evidence that would permit a reasonable jury to conclude that a meeting of the minds had occurred and that the parties had an understanding to achieve the conspiracy's objectives."  *Id.* at 305 (quoting *Hernandez v. Joliet Police Dept.*, 197 F.3d 256, 263 (7th Cir.1999)).

The mere fact that Defendants in this case had some involvement in making or carrying out the dietary policies does not establish a conspiracy.  The complaint contains no factual support for the idea that the policy to replace meat products in the prison diet with soy was aimed solely at Plaintiff, or that Defendants had a meeting of the minds to harm Plaintiff (or any other prisoner).  Instead, Plaintiff's claim that Defendants engaged in a conspiracy to harm his health by adopting a soy-based diet rests solely on his own conclusions.  The conclusory statements that Defendants "knew or should have known" that their actions could harm him, and that they acted "maliciously and intentionally" are examples.  (Doc. 1, p. 7).  Conclusory legal statements such as Plaintiff sets forth in his complaint are insufficient to state a claim that survives review under § 1915A.  *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Furthermore, while Plaintiff may be convinced that consumption of soy is harmful to the general population, evidence

proving this theory is shaky at best (see the discussion of **Count 3**), and not sufficient to show Defendants had knowledge that the prison diet would cause harm.

The complaint also fails to articulate a viable conspiracy claim that Defendants implemented a soy diet in order to generate revenue from the Pinckneyville commissary. Conspiracy is not an independent basis of liability in §1983 actions. *See Smith v. Gomez,* 550 F.3d 613, 617 (7th Cir. 2008); *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 423 (7th Cir. 2000). "There is no constitutional violation in conspiring to cover up an action which does not itself violate the Constitution." *Hill v. Shobe*, 93 F.3d 418, 422 (7th Cir. 1996).

Plaintiff suggests that the purpose of this particular "conspiracy" was to force inmates to purchase more food at the commissary and put money in Defendants "secret bank accounts." (Doc. 1, p. 7). In other words, this scheme was allegedly aimed at taking prisoners' money and enriching Defendants. However, Plaintiff did not claim that his money was taken *without due process of law*. Even if he had articulated a due process claim, a civil rights action on this basis cannot be sustained if the state provides an adequate legal remedy. *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy for a taking of property, in an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 Ill. Comp. Stat. 505/8 (1995). Because this state remedy is available, Plaintiff cannot maintain a constitutional claim for any deprivation of his money as a result of the Pinckneyville soy diet policy. Where there is no underlying constitutional claim for this "deprivation," there is likewise no viable civil rights claim for a "conspiracy" to deprive inmates of their funds.

For these reasons, **Count 4** shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## Pending Motions

Plaintiff's Motion for Recruitment of Counsel (Doc. 4) shall be **REFERRED** to **United States Magistrate Judge Williams** for a decision.

Plaintiff's Motion for Service of Process at Government Expense (Doc. 3) is **GRANTED**. Waivers of service of summons will be issued and served on Defendants as ordered below. Plaintiff is advised that it is not necessary for a litigant proceeding *in forma pauperis* to file a motion requesting service of process by the United States Marshal Service or other process server. The Clerk will issue summons and the Court will direct service for any complaint that passes preliminary review.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** shall receive further review as to Defendant **SHAH**.   **COUNT 1** shall be **DISMISSED** without prejudice as to Defendants **BAILEY, BALDWIN, LASHBROOK, FISHER, LOVE, and BATES.**   **COUNT 2** shall receive further review as to Defendants **BAILEY, BALDWIN, LASHBROOK, FISHER, LOVE, and BATES.**   **COUNT 2** is **DISMISSED** without prejudice as to Defendant **SHAH**. **COUNT 3** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted, and on qualified immunity grounds.   **COUNT 4** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

With respect to **COUNT 1**, the Clerk of the Court shall prepare for Defendant **SHAH:** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).   With respect to **COUNT 2**, the Clerk of the Court shall

prepare for Defendants **BAILEY, BALDWIN, LASHBROOK, FISHER, LOVE, and BATES** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

14

Pursuant to Local Rule 72.1(a)(2),  this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings, including a decision on Plaintiff's Motion for Recruitment of Counsel (Doc. 4).  Further, this entire matter shall be **REFERRED** to **United States Magistrate Judge Williams** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral*.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of the fact that his application to proceed in forma pauperis has been granted.  See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a

delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

      **IT IS SO ORDERED.**

      **DATED:  December 27, 2016**

                                              **S/ Michael J. Reagan**
                                              **Chief Judge**
                                              **United States District Court**